# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>             Plaintiff,<br><br>   vs.<br><br>FLAVA ENTERPRISES, INC. dba HOUSE OF FLAVA,<br><br>             Defendant. | CASE NO. 10-CV-0730 IEG (NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Doc. No. 4] |

    This is a civil rights action brought by Plaintiff Chris Kohler under the Americans with Disabilities Act and related California statutes.  Presently before the Court is Defendant Flava Enterprises, Inc., dba House of Flava's motion to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. No. 14.)

    Plaintiff filed an opposition, and Defendant did not file a reply.  This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the reasons stated herein, the Court DENIES Defendant's motion to dismiss.

## BACKGROUND

    The following facts are drawn from Plaintiff's Complaint.  Plaintiff is paralyzed from the waist down and requires use of a wheelchair.  Plaintiff alleges he visited a store in National City, California, which is owned, operated, or leased by Defendant (the "Store").  At the Store, Plaintiff

allegedly encountered barriers that interfered with, or denied, his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. In particular, Plaintiff encountered three barriers: (1) the checkout counter was too high to accommodate a patron in a wheelchair; (2) the dressing room bench was not 24 inches wide by 48 inches long; and (3) the clothing hooks inside the dressing room were mounted too high. Plaintiff further alleges he was deterred from and continues to be deterred from visiting the Store because of these barriers.

On April 7, 2010, Plaintiff filed a Complaint setting forth four causes of action: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) violation of the Disabled Persons Act, California Civil Code § 54; (3) violation of the Unruh Civil Rights Act, California Civil Code § 51; and (4) denial of full and equal access to public facilities, in violation of the California Health and Safety Code. Plaintiff seeks injunctive relief, declaratory relief, and damages.

On June 1, 2010, Defendant filed this motion to dismiss Plaintiff's Complaint, arguing the Complaint fails to establish subject matter jurisdiction and fails to state a claim.

## DISCUSSION

**I.     Motion to Dismiss Under Rule 12(b)(1)**

**A.     Legal Standard**

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). The governing principles are well established. "Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id.

A facial challenge, like the one Defendant brings here, argues that the Complaint does not set forth grounds for federal subject matter jurisdiction. See Thornhill Pub. Co. v. Gen. Tel. &

Elecs. Corp., 594 F.2d 730, 733 (9th Cir.1979). The Court must assume the factual allegations in the complaint are true and construe them in the light most favorable to Plaintiff. See id.

Standing is a jurisdictional limitation; it is "an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). In order for Plaintiff to have Article III standing, he must have suffered an injury in fact which is "concrete and particularized" and "actual or imminent." See id. at 560-61.

**B.      Analysis**

Plaintiff's first cause of action is for violation of Title III of the ADA, for discrimination on the basis of disability. Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Defendant argues the Complaint does not establish Plaintiff has standing to bring this action under Title III of the ADA, because Plaintiff fails to allege he "intends or wishes to return" to the Store. (Mot. to Dismiss at 4:3-5.) The Court disagrees. Plaintiff sufficiently alleges injury that is actual or imminent. Plaintiff alleges he "visited the Store and encountered barriers (both physical and intangible) that interfered with - if not outright denied - his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility." (Compl. ¶ 10.) Plaintiff further alleges he was "deterred" and "continues to be deterred" from visiting the Store because he knew the alleged barriers existed. (Compl. ¶ 11.) "Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1041 (9th Cir. 2008); see also Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137-38 (9th Cir. 2002) ("[U]nder the ADA, once a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury.").

Plaintiff makes these minimal allegations, and therefore survives a facial attack on standing. The Court declines to dismiss the Complaint for lack of subject matter jurisdiction.

## II.    Motion to Dismiss Under Rule 12(b)(6)

### A.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The Court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

### B.    Analysis

Defendant argues Plaintiff fails to state a claim for violation of the ADA and related California statutes. The Court addresses each argument in turn.

#### 1.    Statute of Limitations

Defendant argues the Complaint does not identify the date on which Plaintiff alleges to have visited the Store, and therefore the Court cannot determine whether the ADA claim is barred by the statute of limitations. Although true, this does not compel dismissal of the Complaint. Plaintiff is correct that he is not required to plead around anticipated affirmative defenses,

including the statute of limitations.  See U.S. v. McGee, 993 F.2d 184, 187 (9th Cir. 1993); U.S. v. Gurley, 415 F.2d 144, 147 (5th Cir. 1969).  Rather, affirmative defenses must be pleaded and proved by the defendant.  Fed. R. Civ. P. 8(c).  Therefore, Defendant's argument fails.

### 2. Injunctive Relief

Defendant argues it has already agreed to make changes to the Store's facilities as a result of a separate pending lawsuit for injunctive relief brought by Plaintiff's counsel, Hubbard v. Plaza Bonita, et al., 09-CV-1581-JLS (WVG).  Therefore, Defendant requests this action be dismissed or transferred to the judge presiding over the other case.

Defendant submits the declaration of defense counsel, who states that as a result of Hubbard, Defendant has agreed to fix any conditions "which did not comply with applicable standards for disabled accessibility."  (Declaration of David Peters in Supp. of Mot. to Dismiss ¶ 8.)  Defendant also submits photographs of the Store, which show a portion of the customer counter and a set of clothing hooks have been lowered.  Plaintiff, on the other hand, denies there is such an agreement as a result of the other case, and notes that the plaintiffs in Hubbard are currently seeking to dismiss that action.

Regardless of whether Defendant has made changes to the Store's facilities, this is not a proper consideration for the Court on a motion to dismiss.  In ruling on a motion to dismiss for failure to state a claim, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  If the Court considers matters outside the pleadings, the motion must be treated as one for summary judgment under Rule 56.  See Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by* Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).

The Court declines to consider the declaration and materials submitted by Defendant, and declines to transfer this case.

### 3. Plaintiff's Claim Regarding the Store's Dressing Room Bench

1  Defendant contends that to the extent Plaintiff's claims are based on the length of the
2  Store's dress room bench, Plaintiff fails to state a claim. According to Defendant, Plaintiff's
3  counsel has made the same allegation in hundreds of lawsuits, and has failed to prevail on three
4  motions for summary judgment regarding the specific issue of whether a dressing room bench
5  longer than 48 inches discriminates against people with disabilities.
6
7  Defendant's argument has no merit. The only case cited by Defendant where Plaintiff's
8  counsel has failed to prevail on a motion for summary judgment regarding this issue is <u>Strong v. Horton Plaza</u>, 09-CV-2901-JTM, Doc. No. 82 (S.D. Cal. Apr. 27, 2010). (Declaration of David
9  Peters in Supp. of Mot. to Dismiss ¶ 6.) In <u>Strong</u>, the court denied the parties' cross-motions for
10 summary judgment, and explained: "Whether a longer bench provides equivalent access to
11 wheelchair-bound customers is a question of fact that cannot be determined on summary
12 judgment." (Doc. No. 82, at 5:7-10.)
13
14 Therefore, this case does not support Defendant's argument, and does not compel the
15 Court to dismiss Plaintiff's claims regarding the Store's dressing room bench.

16 **4.     Plaintiff's Claims for Monetary Relief Under State Law**

17 Plaintiff's second and third causes of action are for violation of the Disabled Persons Act
18 ("DPA"), California Civil Code § 54 *et seq.*, and violation of the Unruh Civil Rights Act,
19 California Civil Code § 51 *et seq.* Plaintiff seeks injunctive relief, as well as statutory damages.
20 Under the DPA, "[i]ndividuals with disabilities shall be entitled to full and equal access,
21 as other members of the general public, to . . . places of accommodation, amusement, or resort,
22 and other places to which the general public is invited." Cal. Civ. Code § 54.1(a)(1). The Unruh
23 Civil Rights Act provides, "[a]ll persons within the jurisdiction of [California] are free and equal,
24 and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical
25 condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or
26
27
28

services in all business establishments of every kind whatsoever."[1]  Id. § 51(b).  Both statutes provide for statutory damages.  Id. §§ 54.3, 52(a).

Defendant points to a recently enacted provision, California Civil Code § 55.56(b), which restricts the availability of statutory damages under the DPA and Unruh Civil Rights Act. Recovery of statutory damages is only permitted if a violation actually denied the plaintiff "full and equal access," that is, only if "the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion."  Munson v. Del Taco, Inc., 46 Cal. 4th 661, 677-78 (Ct. App. 2009) (quoting Cal. Civ. Code § 55.56(b)).  Defendant contends Plaintiff fails to meet this standard, because he fails to allege he either intended to use any of the three alleged barriers or that such use would have actually denied Plaintiff equal access.  Plaintiff, on the other hand, argues the Complaint's allegations are sufficient, and explains that the legislative findings for Section 55.56(b) expressly state this section "is intended to reflect current case law" and "is not an expansion of existing law."  2008 Cal. Stat. ch.549, § 9(b),(c) (S.B.1608).

The Court agrees with Plaintiff that the Complaint sufficiently alleges injury within the meaning of Section 55.56(b).  Plaintiff alleges he "visited the Store and encountered barriers (both physical and intangible) that interfered with - if not outright denied - his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility."  (Compl. ¶ 10.) Plaintiff further alleges, "House of Flava discriminated against Kohler by denying 'full and equal enjoyment' and use of the goods, services, privileges, and accommodations of the Store during each visit and each incident of deterrence."  (Compl. ¶ 18.)   Therefore, the Complaint alleges facts showing Plaintiff "personally encountered the violation on a particular occasion."  See Cal. Civ. Code § 55.56(b).

---

[1] The DPA and the Unruh Civil Rights Act "have significant areas of overlapping application."  Munson v. Del Taco, 94 Cal. Rptr. 3d 685 (Ct. App. 2009).  The Unruh Civil Rights Act is similar to the DPA because it prohibits discrimination against disabled persons; however, it is broader in scope in that it also "applies to many more types of discrimination" than the DPA.  Id.

Accordingly, Plaintiff has stated a cause of action for statutory damages under the DPA and Unruh Civil Rights Act.

### 5. Federal Pleading Standards

Finally, Defendant contends the Complaint does not meet the federal pleading standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Defendant argues Plaintiff is required to allege: (1) he actually tried to use or wanted to use the checkout counter, dressing room bench, or coat hooks in the dressing room, (2) these three conditions limited accessibility for his particular disability, and (3) these conditions failed to meet any applicable standard. The Court disagrees.

Plaintiff has alleged facts which provide Defendant "fair notice" of his claims. See Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) (holding that because the complaint contained factual allegations establishing a "plausible" entitlement to relief, the "minimal notice pleading requirements" of Rule 8 were satisfied). Plaintiff is not required to set forth in his Complaint causes of action, statutes or legal theories. Id. (citing Fed. R. Civ. P. 8(a)(2)). Here, Plaintiff alleges he "visited the Store and encountered barriers (both physical and intangible) that interfered with - if not outright denied - his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility." (Compl. ¶ 10.) Plaintiff further alleges which three specific barriers he encountered, his four causes of action, and the relevant statutes. This is sufficient to satisfy federal pleading standards.

Defendant relies on Blumhorst v. Jewish Family Services of Los Angeles, 24 Cal. Rptr. 3d 474, 481 (Ct. App. 2005), for the proposition that monetary damages are not available to a mere civil rights "tester." However, Blumhorst is inapposite. In that case, the issue was whether the plaintiff, a man, had standing to bring a suit for an injunction against domestic violence shelters which accepted only women. 24 Cal. Rptr. 3d at 476. The California Court of Appeal affirmed the dismissal of plaintiff's claim. Id. at 482. The court explained the plaintiff lacked standing to bring the action, because he failed to allege that when he suffered domestic violence, he asked defendants for shelter and was denied. Id. at 481. The court also found he lacked standing to

bring the action as a civil rights "tester," because the statutes at issue did not provide for standing by a person not personally injured. Id. at 482.  By contrast, in this case, Plaintiff does not assert his claim as a "tester"; rather, he has alleged personal injury.

Therefore, Plaintiff has sufficiently pleaded his claims under the ADA and related California statutes.

## CONCLUSION

Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6).

**IT IS SO ORDERED.**


**DATED:  August 13, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**