# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>FLAVA ENTERPRISES, INC., dba HOUSE OF FLAVA,<br><br>　　　　　　　　Defendant. | **CASE NO: 10-CV-730-IEG (NLS)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. Nos. 20 & 23] |

　　Presently before the Court are Plaintiff's motion for leave to amend and Defendant Flava Enterprises, Inc.'s motion to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1). [Doc. Nos. 20 & 23.]

　　This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated herein, the Court **GRANTS** Plaintiff's motion for leave to amend and **DENIES** Defendant's motion to dismiss as moot.

**BACKGROUND**

　　On January 7, 2011, in a unanimous *en banc* decision, the Ninth Circuit Court of Appeals decided <u>Chapman v. Pier 1 Imports, Inc.</u>, a case similar to the present case. Case No. 07-16326, 2011 U.S. App. LEXIS 453 (9th Cir. Jan. 7, 2011). In <u>Chapman</u>, the court held that in a case brought under the Americans with Disabilities Act ("ADA"), a plaintiff must identify specific barriers and describe

how they affect plaintiff's disability in a way that would deny "full and equal access" in order to satisfy the injury-in-fact requirement for Article III standing. Id. at *35. It is not sufficient for a plaintiff to merely list a set of architectural barriers and allege those barriers denied him "full and equal access." Id. Noting that the plaintiff in Chapman failed to plead with sufficient specificity, the court remanded with instructions to dismiss the plaintiff's claim for lack of subject matter jurisdiction. Id. at *33-38.

Citing similarities between Chapman and the present case, Defendant now moves for this Court to dismiss the instant case for lack of jurisdiction under Rule 12(b)(1). [Doc. No. 20.] Plaintiff now moves for leave to amend his complaint to comply with the more specific pleading requirements set forth in Chapman.[1] [Doc. No. 23.]

## LEGAL STANDARD

As a general rule, Rule 15(a) instructs that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has construed this broadly, requiring that leave to amend be granted with "extreme liberality." See Eminence Capital, LLC v. Aspeon, Inc., 316 F3d 1048, 1051 (9th Cir. 2003).

The Supreme Court has articulated five factors that the court should consider in deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleadings. Forman v. Davis, 371 U.S. 178, 182 (1962); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). Not all factors merit equal weight, however. Eminence Capital, 316 F.3d at 1052. "Prejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the greatest weight." Id. citations omitted). Nevertheless, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

///
///

---

[1] The Court notes that, while Plaintiff seeks leave to amend his complaint for the first time, he correctly seeks leave from the Court because more than twenty-one days have passed since Defendant's first motion to dismiss pursuant to Federal Rule of Civil Procedure 12 was served. See FED. R. CIV. P. 15(a); [Doc. No. 6].

**DISCUSSION**

The Court finds that no prejudice will result in allowing Plaintiff to amend his complaint. In considering the potential prejudice of the amendment, the Court considers whether the amended complaint would "greatly change the parties' positions in the action, and require the assertion of new defenses." See Phoenix Solutions, Inc. v. Sony Elec., Inc., 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009). "[W]here a defendant is on notice of the facts contained in an amendment to a complaint, there is no serious prejudice to defendant in allowing the amendment." Sierra Club v. Union Oil Co. of Cal., 813 F.2d 1480, 1493 (9th Cir. 1987), *vacated on other grounds by* 485 U.S. 931 (1988).

In the present case, the proposed amended complaint does not add additional claims or defendants but, rather, additional facts to support existing claims against the existing Defendant. Specifically, the amended complaint adds a one sentence description to each barrier identified in paragraph 10 of the complaint, explaining how the respective barriers affect Plaintiff's disability. Thus, the initial complaint made Defendant sufficiently aware of the nature of Plaintiff's claims so that the modified pleadings in the proposed amended complaint will not prejudice Defendant.

Further, Plaintiff has not acted in bad faith or caused an unreasonable delay. Chapman was decided on January 7, 2011; Plaintiff moved to amend less than two weeks later. Because plaintiff promptly sought to amend the complaint after the Chapman opinion was published, Plaintiff's request is neither in bad faith nor unreasonable. See AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F3d 946, 952–953 (9th Cir. 2006) (denial of leave to amend under Rule 15 is proper where the court finds unreasonable delay would prejudice the nonmoving party, or that the moving party has acted in bad faith, or that the amendment would be futile).

///
///
///
///
///
///
///

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion for leave to amend. [Doc. No. 23.] Accordingly, the Court **DENIES AS MOOT** Defendant's motion to dismiss. [Doc. No. 20.] The Clerk is directed to file Plaintiff's First Amended Complaint [Doc. No. 23, Exhibit A]. Defendant must file any response within the time provided by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: February 17, 2011

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**