# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>FLAVA ENTERPRISES, INC., dba HOUSE OF FLAVA,<br><br>　　　　　　　　Defendant. | **CASE NO: 10-CV-730-IEG (NLS)**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 29] |

Presently before the Court is Defendant Flava Enterprises, Inc.'s motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1). [Doc. No. 29.] This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated below, the Court **DENIES** Defendant's motion to dismiss.

## BACKGROUND

The alleged facts giving rise to Plaintiff's claims are sufficiently set out in the Court's August 13, 2010, Order and will not be repeated here. [Doc. No. 12.]

On January 7, 2011, the Ninth Circuit held that a plaintiff alleging violations of the Americans with Disabilities Act ("ADA") cannot satisfy the injury-in-fact requirement for Article III standing by merely listing a set of architectural barriers in a public accommodation and alleging those barriers denied him "full and equal access." Chapman v. Pier 1 Imports, Inc., 631 F.3d 939, 944, 954-55 (9th

Cir. 2011) (*en banc*).  Rather, a plaintiff must identify specific barriers and describe how each affects plaintiff's disability.  Id. at 944.  Finding that the plaintiff in Chapman failed to plead with sufficient specificity, the Ninth Circuit remanded with instructions to dismiss the plaintiff's claim for lack of subject matter jurisdiction.  Id. at 955.

On January 17, 2011, Defendant, citing similarities between Chapman and this case, moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1).  [Doc. No. 20.]  Plaintiff subsequently sought leave to amend.  [Doc. No. 23.]  The Court granted Plaintiff leave to amend and denied as moot Defendant's motion to dismiss.  [Doc. No. 27.]  Plaintiff filed a First Amended Complaint ("FAC"), alleging one cause of action under the ADA and two under California law.  [Doc. No. 28.]  Relying again on Chapman, Defendant now moves under Rule 12(b)(1) to dismiss the FAC for lack of subject matter jurisdiction.  [Doc. No. 29.]

**LEGAL STANDARD**

A jurisdictional challenge under Rule 12(b)(1) may be "facial" or "factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial challenge argues that a complaint's allegations do not set forth grounds for federal subject matter jurisdiction.  Id.  The factual allegations of the complaint are presumed to be true, and the complaint is only dismissed if the plaintiff failed to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), Orsay v. U.S. Dep't of Justice, 289 F.3d 1125, 1127 (9th Cir. 2002).

A factual challenge, by contrast, disputes the truth of allegations that invoke federal jurisdiction.  Safe Air for Everyone, 373 F.3d at 1039.  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  Id.  However, a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action."  Id. (internal quotation marks and citations omitted).  "The question of jurisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'"  Id. (quoting Sun

Valley Gas, Inc. v. Ernst Enters., 711 F.2d 138, 140 (9th Cir. 1983)).  In such a case, dismissal under Rule 12(b)(1) is improper.  Id.

Standing is a jurisdictional limitation; it is "an essential and unchanging part of the case-or-controversy requirement of Article III."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). In order for Plaintiff to have Article III standing, he must have suffered an injury-in-fact, which is "concrete and particularized" and "actual or imminent."  See id. at 560-61.

## DISCUSSION

Plaintiff's first cause of action is for violation of Title III of the ADA, for discrimination on the basis of disability.  Defendant challenges both the facial and factual sufficiency of Plaintiff's related jurisdictional allegations.  Defendant also requests the Court decline supplemental jurisdiction over Plaintiff's claims under California law.

**I.     Plaintiff's Claim Under the Americans with Disabilities Act**

   **A. Defendant's Facial Challenge Under Rule 12(b)(1)**

A plaintiff can sufficiently allege an injury-in-fact and thus establish standing to pursue an ADA claim by demonstrating that "he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there."  Chapman, 631 F.3d at 949.   The FAC identifies physical barriers, describes how each identified barrier affects Plaintiff's disability, and states that the barriers deter Plaintiff from visiting Defendant's store.  [FAC, ¶¶ 10-11.]  Thus, the FAC satisfies the requirements articulated in Chapman for establishing standing to pursue an ADA claim.  Defendant's facial challenge under Rule 12(b)(1) is **DENIED**.

   **B. Defendant's Factual Challenge Under Rule 12(b)(1)**

Defendant argues Plaintiff's allegations fail to establish jurisdiction because the alleged architectural barriers have been removed.  In support of this claim, Defendant submits a declaration from its counsel, David Peters, claiming (1) the barriers were removed pursuant to an agreement with Plaintiff's counsel, Lynn Hubbard, in another action, and (2) Plaintiff's counsel visited the facility with Defendant's counsel on November 19, 2010—well before filing the FAC—and personally saw that the barriers had been removed.  [See Peters Decl., at 2-3; see also Def.'s Mot. to Dism., at 4.]  Defendant also submits photographs purporting to show that the barriers have been removed.  [Def.'s Mot. to Dism., at 5-8; id. Exs. A-G.]

Whether the alleged barriers have in fact been removed is dispositive of both the Court's subject matter jurisdiction and the merits of Plaintiff's ADA claim.  Thus, dismissal pursuant to Rule 12(b)(1) is inappropriate.  <u>Safe Air for Everyone</u>, 373 F.3d at 1039.  Accordingly, Defendant's factual challenge under Rule 12(b)(1) is **DENIED**.

## II.     Plaintiff's Claims Under California Law

The parties do not dispute that Plaintiff's ADA claim presents a federal question within the Court's original jurisdiction pursuant to 28 U.S.C. § 1357.  Plaintiff's claims under California law stem from the same alleged architectural barriers as underlie his ADA claim.  Contrary to Defendant's contention, Plaintiff's State law claims do not raise novel or complex issues of State law, and therefore do not give the Court reason to decline supplemental jurisdiction under 28 U.S.C. § 1357(c)(1).  Because the Court denies Defendant's motion to dismiss Plaintiff's ADA claim, the Court may properly maintain supplemental jurisdiction over Plaintiff's claims under California law.  <u>See</u> 28 U.S.C. § 1367(a); <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 164-65 (1997).  Defendant's motion to dismiss Plaintiff's claims under California law is **DENIED**.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

**DATED:** 4/25/11

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

4