# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CHRIS KOHLER,

                        Plaintiff,

vs.

FLAVA ENTERPRISES, INC. dba HOUSE OF FLAVA,

                        Defendant.

**CASE NO: 10-CV-730-IEG (NLS)**

**ORDER:**

**(1) DENYING DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL; and**

**(2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927**

[Doc. Nos. 57 & 61]

     The following motions are presently before the Court: (1) Defendant's motion to disqualify Plaintiff's counsel [Doc. No. 57] and (2) Plaintiff's motion to sanction Defendant's counsel under 28 U.S.C. § 1927 [Doc. No. 61]. These motions are suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated below, the Court **DENIES** both motions.

## BACKGROUND

     Plaintiff Chris Kohler's counsel, attorney Lynn Hubbard III ("Attorney Hubbard") and the Disabled Advocacy Group, regularly represent plaintiffs alleging claims under the Americans with Disabilities Act ("ADA"). In this case, Kohler, who is paralyzed from the waist down and needs a wheelchair to ambulate in public, alleges various architectural barriers limit his ability to make full use

of Defendant Flava Enterprises' store, House of Flava.  The store is located in the Plaza Bonita mall in National City, California.

In another case before this Court, Hubbard v. Plaza Bonita, LP et al., 09-CV-1581-JLS-WVG, Plaintiff Barbara Hubbard, who also needed a wheelchair to ambulate in public, alleged various architectural barriers throughout the Plaza Bonita mall limited her ability to make full use of the mall and numerous stores there, including House of Flava.  Barbara Hubbard, who passed away during the pendency of that litigation, was Attorney Hubbard's mother.  Attorney Hubbard represented his mother in that action.

Flava Enterprises is named as a defendant in both Plaza Bonita and this case.  Attorney David Peters, who regularly represents parties defending alleged violations of the ADA, represents Flava Enterprises in both actions.

In November and December of 2009, nearly all of the approximately forty defendants in Plaza Bonita entered settlement agreements with Barbara Hubbard and were dismissed from that action.  On December 9, 2009, an assistant to Attorney Hubbard faxed a proposed settlement agreement to Peters, which appeared to bear Barbara Hubbard's signature.  Negotiations continued through December, culminating with an apparent agreement on December 30, 2009.  However, before the parties finalized the agreement, Peters learned that Barbara Hubbard had passed away on November 13, 2009—nearly four weeks before the proposed settlement agreement bearing her signature was sent to Peters.[1]

After the Court became aware of the controversy surrounding Barbara Hubbard's death and the signatures on various settlement agreements, Magistrate Judge Gallo ordered Attorney Hubbard to show cause why he should not be sanctioned for allegedly placing Barbara Hubbard's signature on settlement documents before and after her death.  [Plaza Bonita, 09-CV-1581, Doc. No. 188.]  Judge Gallo received extensive briefing and held two hearings on this issue.  [See id. Doc. Nos. 199, 200,

---

[1] It appears that, in addition to Flava, one other Plaza Bonita defendant, Hot Topic, has alleged wrongdoing related to negotiations or finalizing settlement agreements in Plaza Bonita; however, only Flava has actually pursued sanctions or other disciplinary action against Attorney Hubbard.  [See Def.'s Mot. to Disqualify, Exs. J (Declaration of Donna Gin) & (Declaration of Gerald Cook, Chief Operating Officer of Hot Topic, Inc.) (stating that Hot Topic "almost certainly" would not have entered a settlement agreement in the Plaza Bonita case if Cook had known Barbara Hubbard died before the settlement agreement was signed); see also Pl.'s Opp'n, at 4 (stating that none of Flava's forty co-defendants in Plaza Bonita joined Flava's accusations of fraud).]

210, 213 (minute orders and transcripts of hearings held on October, 12, 2010, and January 27, 2011); see also, e.g., id. Doc. Nos. 214, 216, 217 (post-hearing filings by both parties).]  On June 13, 2011, Judge Gallo issued an order finding Attorney Hubbard's conduct "unreasonably and vexatiously multiplied the proceedings" in Plaza Bonita and that he "*may have* violated" standards for professional conduct of the Bars of the State of California and this Court.  [Id. Doc. No. 218, at 17-18 & n.17, 24 (emphasis in original).]  Accordingly, Judge Gallo sanctioned Attorney Hubbard under the Court's inherent powers and 28 U.S.C. § 1927.  [Id. at 24.]  Concluding only that Attorney Hubbard "*may have*" violated relevant standards of professional conduct, Judge Gallo reported Attorney Hubbard's conduct to the State Bar of California and this Court's Standing Committee on Discipline for further inquiry, but he declined to disqualify Attorney Hubbard from further representation before this Court. [Id. at 25.]

On May 13, 2011, before Judge Gallo found Attorney Hubbard's conduct in Plaza Bonita sanctionable, Peters filed a motion to disqualify Attorney Hubbard and the Disabled Advocacy Group from representing Kohler in this action.  [Doc. No. 55.]  Peters contends that Attorney Hubbard's conduct related to the settlement agreements, his inconsistent defenses during proceedings before Judge Gallo, and inconsistent statements by attorneys and other representatives of the Disabled Advocacy Group involved in the same controversy in the Plaza Bonita matter do not comply with the duties imposed on attorneys practicing before this Court and therefore warrant disqualifying Kohler's current counsel from continuing representation in this case.  Peters also alleges that Attorney Hubbard knew before filing Kohler's First Amended Complaint that some of the allegations therein were false, and that Attorney Hubbard purposefully failed to file notice with the Court that this case was related to Plaza Bonita.  [See Doc. No. 55, at 12-13.]

On May 23, 2011, Attorney Hubbard filed a motion to sanction Peters under 28 U.S.C. § 1927 for vexatiously multiplying these proceedings by filing the motion to disqualify Plaintiff's counsel. [Doc. No. 61.]  Attorney Hubbard argues that the controversy over his mother's signatures in Plaza Bonita has no bearing on this case, and that Peters's effort to subpoena records from the State Bar of

California[2] violates California law and the rules of the State Bar.  Attorney Hubbard further argues that Peters should be sanctioned because he filed both the motion to disqualify and the subpoena of State Bar records solely to harass Attorney Hubbard and the Disabled Advocacy Group.  [Id. at 15.]

## DISCUSSION

### I.    Peters's Motion to Disqualify Plaintiff's Counsel

Under Local Rule 83.4(b), every attorney before this Court must "comply with the standards of professional conduct required of members of the State Bar of California."  Disqualifying counsel for an ethical violation is a discretionary exercise of the Court's inherent powers.  See United States v. Wunsch, 84 F.3d 1110, 1114 (9th Cir.1996); Crenshaw v. MONY, 318 F. Supp 2d 1015, 1020 (S.D. Cal. 2004).  Thus, "[e]ven a violation of the California Rules of Professional Conduct does not automatically compel disqualification."  Crenshaw, 318 F. Supp 2d at 1020 (citing Gregori v. Bank of Am., 207 Cal. App. 3d 291, 303 (1989)).

Often tactically motivated and disruptive to the litigation process, "motions to disqualify 'should be subjected to particular judicial scrutiny.'"  Id. (quoting Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1050 (9th Cir. 1985)).  Disqualification is a drastic and generally disfavored measure that should only be imposed when absolutely necessary.  Id.; Concat v. Unilever, 350 F. Supp. 2d 796, 814-15 (N.D. Cal. 2004); Visa U.S.A., Inc. v. First Data Corp., 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003).  "'[T]he paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar.'"  Crenshaw, 318 F. Supp 2d at 1020 (quoting State Farm Mut. Auto Ins. Co. v. Fed. Ins. Co., 72 Cal. App. 4th 1422, 1428 (1999)) (alteration in original).  Thus, in deciding a motion to disqualify, the Court considers whether the attorney's conduct so taints the proceedings as to prejudice the parties.  See id.

In this case, Peters bases his motion to disqualify almost entirely on allegations of wrongdoing in another action before this Court.  The sanctions Judge Gallo ordered in Plaza Bonita will have no immediate impact on Kohler's representation in this matter.  It remains unclear whether Attorney Hubbard's or the Disabled Advocacy Group's conduct actually violated any ethical duties; whether,

---

[2] Attorney Hubbard has moved to quash Peters's subpoena of his Bar records.  [Doc. No. 57.] That dispute is currently before Magistrate Judge Stormes.

assuming an ethical violation, the violation was significant enough to warrant sanction beyond those already imposed by Judge Gallo; and, assuming further sanction is warranted, whether the appropriate sanction will be so substantial as to affect counsel's ability to represent Kohler in this case.  Those matters have been referred to the State Bar of California and this Court's Standing Committee on Discipline.  The Court cannot, at this point, conclude that Attorney Hubbard's or the Disabled Advocacy Group's conduct in <u>Plaza Bonita</u> will impair the parties' ability to secure a fair resolution of the dispute that gave rise to this case.  Accordingly, Peters's motion to disqualify Plaintiff's Counsel is **DENIED**.

## II.     Attorney Hubbard's Motion to Sanction Peters Under 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  To warrant sanctions under § 1927, an attorney must knowingly or recklessly submit a frivolous filing, or submit a meritorious filing in bad faith—for example, with the sole intention of harassing the opposing party.  <u>See</u> <u>In re Girardi</u>, 611 F.3d 1027, 1061 (9th Cir. 2010); <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1107 (9th Cir. 2002).  "Sanctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'"  <u>Primus Auto. Fin. Servs., Inc. v. Batarse</u>, 115 F.3d 644, 649 (9th Cir. 1997) (quoting <u>Operating Eng'rs Pension Trust v. A-C Co.</u>, 859 F.2d 1336, 1344 (9th Cir. 1988)).

In a one-paragraph appendage to his Opposition to the motion for disqualification, Attorney Hubbard moves to sanction Peters under § 1927.  Attorney Hubbard's motion conclusorily states that Peters's motion to disqualify and his subpoena for State Bar records are "frivolous and [were] brought for no other purpose than to harass Kohler and his counsel."  [Doc. No. 61, at 15.]  While the Court is not persuaded by Peters's arguments for disqualification at this time, given the nature and the seriousness of the allegations against Attorney Hubbard in the <u>Plaza Bonita</u> matter, the Court cannot conclude that Peters's motion was patently frivolous or filed in bad faith.  Furthermore, Attorney Hubbard's motion provides no support his claim that Peters's subpoena of his State Bar records

1   "violates California law and Rules of the State Bar."[3]  [Doc. No. 61, at 15.]  Accordingly, Attorney

2   Hubbard's motion to sanction Peters under 28 U.S.C. § 1927 is **DENIED**.

3                                                    **<u>CONCLUSION</u>**

4           Defendant's motion to disqualify Plaintiff's counsel is **DENIED**.  [Doc. No. 57.]  Plaintiff's

5   motion to sanction Defendant's counsel under 28 U.S.C. § 1927 is **DENIED**.  [Doc. No. 61.]

6

7           **IT IS SO ORDERED.**

8

9

10   **DATED:**  6/17/11

11                                                    **IRMA E. GONZALEZ, Chief Judge**
                                                      **United States District Court**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

         [3] Attorney Hubbard merely cites authorities stating that communications to the State Bar's
     disciplinary agency are confidential.  He does not attempt to explain how Peters's attempt to subpoena
28   confidential information in this case violates any law or rule of the State Bar.