# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CHRIS KOHLER,

                    Plaintiff,

vs.

FLAVA ENTERPRISES, Inc., et al.,

                    Defendant.

CASE NO. 10cv730-IEG (NLS)

**ORDER GRANTING MOTION TO QUASH AND SETTING MANDATORY SETTLEMENT CONFERENCE**

[Doc. Nos. 57 & 75.]

## I. BACKGROUND & MOTION

This lawsuit was filed by Plaintiff pursuant to the Americans with Disabilities Act. Plaintiff, who is wheelchair bound, alleged the checkout counter, the dressing room bench, and the clothing hooks at Defendant's store were not accessible to him in accordance with the law.

Presently before the Court is Plaintiff's Motion to Quash Defendant's subpoena, served on the State Bar of California, requesting production of all misconduct complaints received with regard to Plaintiff's counsel, Lynn Hubbard, and his law firm. Plaintiff argues these documents are privileged, irrelevant to the lawsuit, and being pursued in retaliation for this lawsuit.

Defendant in turn argues this lawsuit was filed in retaliation for Defendant's exposure of "Plaintiff's counsel's falsification of the signature of the late Plaintiff Barbara Hubbard on a number

of settlement agreements in *Hubbard v. Plaza Bonita* ([] 09-cv-1581 JLS (WVG)."[1] Thus, Defendant claims the documents sought are relevant in determining whether attorney Hubbard makes a practice of suing those who complain about him to the Bar. [Opp'n at 4.]

While Defendant states it is willing to stipulate to a modified subpoena, Plaintiff maintains the subpoena must be quashed in its entirety.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 45 applies to subpoenas. A court must quash or modify a subpoena that requires privileged or protected matter. Fed. R. Civ. P. 45(3)(A)(iii). California State Bar Procedural Rule 2302 states, "Except as otherwise provided by law or these rules, information concerning inquiries, complaints, or investigations is confidential." However, "The Chief Trial Counsel or designee or the President of the State Bar, after private notice to the member, may waive confidentiality" in cases where "[a] member or non-member has caused, or is likely to cause, harm to client(s), the public, or to the administration of justice, such that the public or specific individuals should be advised of the nature of the allegations." Rule 2302(d)(1)(A).

Although the issue of relevance is not listed as a consideration in Rule of Civil Procedure 45, "courts have incorporated relevance as a factor when determining motions to quash a subpoena." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D.Cal, 2005) (internal citations and quotations omitted).

## III. DISCUSSION

As an initial matter, the Court rejects Defendant's contention that Plaintiff has no standing to bring this motion to quash. Courts have taken the position that while a motion to quash a subpoena is normally to be made by the person or entity to which the subpoena is directed an exception applies "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D.Kan.1995); *see also Brown v. Braddock,* 595 F.2d 961, 967 (5th Cir.

---

[1] In *Plaza Bonita*, Judge Gallo sanctioned attorney Hubbard for unreasonably and vexatiously multiplying the proceedings and reported Hubbard to the State Bar of California and the Court's Standing Committee on Discipline to see if Hubbards' behavior required further sanctioning. [*Plaza Bonita*, 09-CV-1581, Doc. No. 188. at 25.]

1979*); U.S. v. Gordon*, 247 F.R.D. 509 (E.D.N.C. 2007); *Durand v. Wal-Mart Associates*, Inc., 2009 WL 2181258 at * 1 (S.D. Miss. July 22, 2009). Defendant is attempting to invalidate Plaintiff's claims by collecting evidence to show attorney Hubbard brought this lawsuit for the unethical purpose of retaliation. Thus, Plaintiff Kohler's right to bring his action on the merits and attorney Hubbard's interest in the confidentiality of his state bar records are implicated in the subject matter of the subpoena and create standing to challenge the subpoena.

Prior to the filing of Plaintiff's Motion to Quash, Defendant filed a Motion to Disqualify attorney Hubbard based on allegations of wrongdoing in the *Plaza Bonita* case. [Doc. No. 55.] Judge Gonzalez has since issued a ruling denying the motion to disqualify. [Doc. No. 83.] Judge Gonzalez stated she could not conclude the sanctions imposed on attorney Hubbard in the *Plaza Bonita* case would "impair the parties' ability to secure a fair resolution of the dispute that gave rise to this case," or that attorney Hubbard had in fact actually violated any ethical duties that would warrant further sanction. [*Id*. at 4-5.] Thereafter, on June 22, 2011, Scottlyn Hubbard substituted in as counsel for Plaintiff in place of Lynn Hubbard. [Doc. No. 85.]

The confidential documents sought by the subpoena do not pertain to the substantive claims raised in this case; their only function would be to prove that Plaintiff filed this case in retaliation for Defendant's exposure of attorney Hubbard's wrongdoing in *Plaza Bonita*. Judge Gonzalez has already held that the sanctions imposed in *Plaza Bonita* will have "no immediate impact" on Plaintiff's representation in this matter. [Doc. No 83 at 4.] At this juncture, the investigation of attorney Hubbard's conduct is a matter for those bodies to pursue.

Accordingly, the Court **HEREBY GRANTS** Plaintiff's Motion to Quash and **FURTHER SETS** a Mandatory Settlement Conference for *July 11, 2011 at 9:30 am.* Counsel shall follow chambers' rules regarding settlement conferences, as posted on the Court's website.

**IT IS SO ORDERED**.

DATED: June 30, 2011

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court