# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>FLAVA ENTERPRISES, INC., doing business as House of Flava,<br><br>　　　　　　　Defendant. | CASE NO. 10cv730 - IEG (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS, ATTORNEY'S FEES, AND COSTS [Doc. 131]; DIRECTING CLERK TO ENTER JUDGMENT** |

　　　On September 26, 2011, the Court granted Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment. Presently before the Court is Defendant Flava Enterprises, Inc.'s motion for sanctions, attorneys' fees, litigation expenses, and costs.

　　　As the prevailing party, Defendant is entitled to submit a bill of costs to the Clerk in accordance with Civil L.R. 54.1. In all other respects, Defendant's motion for sanctions and attorney's fees is DENIED.

## *Discussion*

　　　Defendant argues it is entitled to fees as the prevailing party in this ADA case because Plaintiff's action was frivolous, unreasonable, and without foundation. Alternatively, Defendant argues it is entitled to fees under 28 U.S.C. § 1927 or the Court's inherent powers because Plaintiff's counsel knowingly and in bad faith raised frivolous claims.

### 1. *Fees as Prevailing Party Under the ADA*

The Americans with Disabilities Act, 42 U.S.C. § 12205, provides for a discretionary award of attorney's fees to the prevailing party. Courts have interpreted the statute to mean that attorneys fees may only be awarded to a prevailing defendant in an ADA case where the plaintiff's claims are frivolous, unreasonable, or without foundation. Hubbard v. SoBreck, LLC, 554 F.3d 742, 744 (9th Cir. 2009) (citing Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997)). Although the Court in this case ultimately found Plaintiff's claims to be without merit, they were not so unreasonable and without foundation as to warrant fees in favor of Defendant in this case. Perhaps Plaintiff should have voluntarily dismissed his claims regarding the height of the checkout counter, the presence of accessibility signs, and the height of the clothing hooks in the dressing room. However, the Court does not find Plaintiff frivolously pursued those claims. In addition, the fact two other judges in the Southern District of California had rejected Plaintiff's claim regarding the length of the dressing room bench does not render such claim frivolous. The Court declines to exercises its discretion to award Defendant fees under § 12205.

### 2. *Fees under 28 U.S.C. § 1927 and the Court's Inherent Powers*

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award of sanctions under § 1927 must be supported by a finding of subjective bad faith. Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1995). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989). Aside from the authority provided under § 1927 and other rules of procedure, the court may sanction a party under its own inherent power. Chambers v. NASCO, 501 U.S. 32, 45-47 (1991). Sanctions are only appropriate under the court's inherent power where there has been a showing of bad faith – where the party acted "for an improper purpose." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001).

Here, the Court is well-aware of the hotly disputed nature of the claims not only in this

1  case, but also in other cases involving these parties and attorneys.  What should be straightforward
2  legal and factual issues have become mired in the acrimonious relationship between counsel in
3  both this and other cases pending in this Court.  The Court further notes the frequency with which
4  both defense counsel and Plaintiff's counsel have sought sanctions in the actions between them.
5  The Court will not award Defendant attorneys fees as a sanction in this case under either § 1927 or
6  its inherent power because to do so would only encourage counsel's pattern of obstinate behavior
7  toward each other, to the detriment of both their clients and the judicial process.

### *Conclusion*

As the prevailing party, Defendant may file a bill of costs with the Clerk pursuant to Civ. L.R. 54.1.  The Court, however, DENIES Defendant's motion for an award of attorney's fees and expenses.  In addition, finding no reason for further delay, the Clerk is directed to enter judgment in favor of Defendant, and against Plaintiff, on Plaintiff's claims for violation of the Americans with Disabilities Act, Plaintiff's claim for violations of the California Unruh Act, and Plaintiff's claim for violation of the California Disabled Persons Act.

**IT IS SO ORDERED**.

**DATED: February 13, 2012**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**